UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES McCAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-1390 |
| ) | |
| JEFFREY KRUEGER, Warden, ) | |
| ) | |
| Respondent. ) | |

# O R D E R

This matter is now before the Court on Petitioner, James McCaw's ("McCaw"),Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [1] is DISMISSED.

## BACKGROUND AND DISCUSSION

McCaw was convicted of 14 counts of Transporting Stolen Goods in Interstate Commerce in violation of 18 U.S.C. §§ 2312, 2314 and four counts of Illegally Transferring the Social Security Numbers of Others in violation of 18 U.S.C. § 1028(a)(7) in the United States District Court for the Eastern District of Missouri. He was sentenced to concurrent terms of 120 months' imprisonment on each count of Transporting Stolen Goods and terms of 142 months' imprisonment on each count of Illegally Transferring the Social Security Numbers of Others to run concurrently with each other, but consecutively to the Transporting Stolen Goods terms, for an aggregate term of 262 months.

McCaw pursued a direct appeal; his sentence and conviction were affirmed in United States v. McCaw, 92 Fed.Appx. 372 (8th Cir. 2004). He then filed his initial § 2255 Motion on January 20, 2005. The Motion was denied, and the Eighth Circuit declined to issue a certificate of appealability. A second § 2255 Motion was filed in June 2014. The Motion was summarily dismissed for lack of

authorization from the Court of Appeals, and his request to file a successive petition was denied by the Eighth Circuit on March 31, 2015. He then filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 arguing actual innocence, improper Guidelines enhancement, denial of due process, and ineffective assistance of counsel. This petition was denied on July 1, 2015.

On September 14, 2015, McCaw filed the present Petition pursuant to § 2241 in which he alleges that he is "being held in custody in violation of the Fifth Amendment right to not be held to answer for a capital or otherwise infamous crime" unless it has been presented by indictment to a grand jury. Specifically, he argues that the Guidelines enhancement that he received for being "in the business of receiving and selling stolen property" was not presented by indictment. The matter is fully briefed, and this Order follows.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, McCaw does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to resentence him. Accordingly, this Petition involves a collateral attack on his conviction, which would traditionally be brought pursuant to 28 U.S.C. § 2255. However, McCaw has already pursued § 2255 relief twice and is now barred from pursuing further relief under that section absent permission from the Court of Appeals to bring a second petition, unless he qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998); Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).

In <u>Davenport</u>, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611.  To be allowed to proceed, a petitioner must show that § 2255 was inadequate or ineffective to test the legality of his detention.  To make this showing, a petitioner must show that: (1) he relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his initial § 2255 Motion but is retroactive; and (3) the alleged error results in "fundamental defect" grave enough to be deemed a miscarriage of justice.  <u>Brown v. Caraway</u>, 719 F.3d 583, 586 (7th Cir. 2013); <u>Brown v. Rios</u>, 696 F.3d 638, 640 (7th Cir. 2012); <u>United States v. Prevatte</u>, 300 F.3d 792, 299 (7th Cir. 2002).  The Seventh Circuit has clarified that to demonstrate inadequacy or ineffectiveness, the new legal theory must establish the petitioner's actual innocence.  <u>Hill v. Werlinger</u>, 695 F.3d 644, 648 (7th Cir. 2012).

McCaw's claim is related to his contention that his sentence should not have been enhanced based on a finding that he was in the business of receiving and selling stolen property under U.S.S.G. § 2B1.1(b)(4).  He does not cite to any new case of statutory interpretation and, in fact, cites to no authority whatsoever in support of his argument.  He does not claim to be actually innocent – "Petitioner does not challenge the application of this enhancement nor does he challenge anything in a indictment."  Having failed to demonstrate actual innocence or that § 2255 was inadequate or ineffective to provide him relief, McCaw has failed to meet the prerequisites established in <u>Davenport</u> and its progeny and cannot proceed under § 2241.

## CONCLUSION

For the reasons stated herein, McCaw's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] is DISMISSED for lack of jurisdiction.

ENTERED this 23rd day of December, 2015.

S/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge